People v Quinones (2025 NY Slip Op 07112)

People v Quinones

2025 NY Slip Op 07112

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Ind No. 71728/23|Appeal No. 5433|Case No. 2024-00558|

[*1]The People of the State of New York, Respondent,
v
Sergio Quinones, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Laurence E. Busching, J.), rendered January 16, 2024, convicting defendant, upon his plea of guilty, of endangering the welfare of a child, and sentencing him to a term of three years' probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal, foreclosing review of his claim that his sentence is excessive (see People v Thomas, 34 NY3d 545, 567 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). In any event, we perceive no basis to reduce his sentence.
Defendant's challenges to probation condition 7, requiring him to "[a]void injurious or vicious habits" and "refrain from frequenting unlawful or disreputable places or consorting with disreputable persons" (Penal Law § 65.10[2][a], [b]), and to condition 10, requiring him to pay the mandatory surcharge and court fees, survive his waiver of the right of appeal and do not require preservation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]; People v Percy, 234 AD3d 619, 620 [1st Dept 2025]).
The court providently exercised its discretion in deeming condition 7 "reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]), given that defendant reported daily marijuana use and agreed to abide by sex offender conditions (see Lowndes, 239 AD3d at 575).
However, under the particular circumstances of this case, requiring payment of the surcharge and fees is not "reasonably related to [defendant's] rehabilitation" (Penal Law § 65.10[2][l]; see Percy, 234 AD3d at 620). Defendant, who is indigent and a first-time offender, is reliant on public assistance and has not been gainfully employed for several years. Accordingly, that condition is stricken. We note that the People do not oppose this relief.
Defendant's waiver also forecloses his constitutional as-applied challenges to probation condition 7 under the First Amendment and under the vagueness doctrine of due process under the Fifth and Fourteenth Amendments (see People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). In any event, defendant's constitutional claims are unpreserved because he failed to raise them before the trial court (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to reach them in the interest of justice. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025